IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

Tamika Holmes
30 Gaines Mill Circle
Taneytown, MD 21787

*Plaintiff,*

v.

Marcus Hodges, Interim Director
Court Services and Offender
Supervision Agency,
800 N. Capitol Street
Washington, DC 20003

*Defendant.*

Civil Action No._1:26-cv-2867

Jury Trial Demanded

**COMPLAINT**

Plaintiff, Tamika Holmes, by and through her undersigned counsels, Alisa Reff and Ursula D. Willis, brings this action against Marcus Hodges, Interim Director of Court Services and Offender Supervision Agency (CSOSA) to seek redress for the willful violations of Section 501 of the Rehabilitation Act ( “Rehabilitation Act”), 29 U.S.C. § 791.

CSOSA violated the Rehabilitation Act when they failed to accommodate Plaintiff and failed to engage in the interactive process with Plaintiff.

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 (a)(3) as this matter contains a federal question.
2. This court has personal jurisdiction over Defendant because Defendant is a federal agency of the United States headquartered in Washington, D.C.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1), as Defendant is an officer of the United States acting in his official capacity, a substantial part of the events giving rise to the claim occurred in this district, and Defendant's office is located in this district.

**PARTIES**

4. Ms. Holmes is a resident of Taneytown, Maryland.
5. Ms. Holmes is a current employee of CSOSA and is employed as an IT Specialist, GS-11 in the Office of Information Technology Customer Support. At all times, Plaintiff has met the definition of "employee" under all applicable statutes.
6. The Defendant is a United States government agency located in Washington D.C. At all times, Defendant meets the definition of "employer" under all applicable statutes.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

7. On May 22, 2025, Plaintiff filed an informal EEO Complaint with CSOSA's Equal Employment Opportunity (EEO) Office. On August 21, 2025, Plaintiff filed a formal EEO Complaint with CSOSA's EEO Office.
8. In her complaint, No. CSOSA-I-25-00011, Plaintiff alleged disability discrimination (Failure to Accommodate) when on January 27, 2025, Plaintiff requested reasonable accommodations and the Agency failed to properly accommodate Plaintiff.
9. On February 18, 2026, the EEO office issued a report of investigation, and on March 12, 2026, the agency issued a supplemental report of investigation. Within the 30-day deadline, plaintiff requested a Final Agency Decision.
10. Plaintiff received a Final Agency Decision on May 18, 2026, that included a notice of rights.

11. Plaintiff has complied with all administrative requirements to properly file and pursue this civil action and has exhausted the required administrative remedies.

**FACTUAL BACKGROUND**

12. Plaintiff has been employed by CSOSA as an IT Specialist since September 18, 2005.

13. Plaintiff has successfully performed her job and has consistently received outstanding performance reviews.

14. Plaintiff is a 100% disabled veteran who suffers from physical and mental disabilities. These disabilities substantially limit major life activities.

15. At all relevant times, Plaintiff's first-line supervisor is Victor Aldridge, Customer Service Manager.

16. Wendy Russell is a Reasonable Accommodation Coordinator (RAC) and Human Resources Specialist in the Office of Human Resources, Employee and Labor Relations.

17. Jillian Martin served as Director of Employee and Labor Relations and was Ms. Russell's first-level supervisor.

18. On January 27, 2025, Plaintiff submitted a written request for reasonable accommodation in accordance with CSOSA's policy. In her request, Plaintiff initially requested to telework three days per week and work in the office two days per week. She also requested a closed office space when working in the office.

19. On January 31, 2025, CSOSA acknowledged receipt of Plaintiff's reasonable accommodation request and assigned Ms. Russell as Plaintiff's RAC.

20. On February 12, 2025, Plaintiff provided supporting medical documentation from her primary care physician, Dr. Nathaniel Nguyen. Dr. Nguyen's letter documented Plaintiff's

chronic medical conditions; explained how Plaintiff's conditions can be exacerbated; and the need for telework three days per week as well as a closed-door office.

21. On March 10, 2025, while on medical leave and pending return to the office on March 25, 2025, Plaintiff requested a status update on her reasonable accommodation request.

22. Ms. Russell responded that same day stating that Plaintiff's request was "still under review" and that she would forward a decision to Plaintiff and her supervisor as soon as she had a decision.

23. On March 21, 2025, Plaintiff sent another status inquiry to Ms. Russell who responded that the request was "still under review".

24. On March 25, 2025, at the conclusion of Plaintiff's medical leave, she returned to work reporting to the office every day because her request for accommodation had not been granted.

25. Upon Plaintiff's return to the office, Mr. Aldrige informed Plaintiff that he had spoken with Ms. Russell and had been verbally told that Plaintiff's accommodation request was approved.

26. On March 31, 2025, sixty-three (63) days after Plaintiff's initial request, CSOSA issued a partial decision approving only a privacy cubicle screen for Plaintiff's onsite workspace. The decision did not address Plaintiff's request for telework.

27. Under CSOSA's Reasonable accommodation Policy, a decision to approve or deny an accommodation is to be made no later than thirty (30) business days from receipt of a request absent extenuating circumstances.

28. More than thirty (30) business days elapsed between January 27, 2025, and March 31, 2025, without a full decision. No extenuating circumstances were identified or documented in writing to justify the delay.

29. On April 1, 2025, Plaintiff responded to the partial decision, noting that the telework portion of her request had not been addressed.

30. On April 2, 2025, Ms. Russell asked whether Plaintiff's email was part of the reconsideration process, and on April 7, 2025, Plaintiff submitted a formal request for reconsideration, accepting the privacy screen as a temporary resolution to part of her request, but emphasizing that her doctor's recommendation for telework had not been addressed.

31. In her reconsideration request, Plaintiff provided her supporting medical documentation previously submitted.

32. On April 22, 2025, Plaintiff sent a status inquiry on her reconsideration request, noting that the Agency had exceeded its own 15-day policy deadline.

33. Plaintiff did not receive a response to her April 22, 2025, request.

34. On April 29, 2025, Plaintiff sent a second status request and attached additional medical documentation from her physician dated April 28, 2025. This updated documentation included an additional medical diagnosis and Plaintiff's doctor requested maximal telework stating "As Ms. Harmon's[1] healthcare provider, I have assessed their condition and believe that a modification in their work environment to include maximal telework would be beneficial for their health and well-being."

---

[1] Plaintiff notes that "Harmon" is her maiden name.

35. On April 29, 2025, Ms. Russell responded to Plaintiff, stating that her request remained "under review".

36. On May 1, 2025, Plaintiff submitted a letter from her psychiatrist, Dr. Mary Omobhude, dated April 30, 2025, noting an "increase of symptoms of anxiety and depression which are currently impacting Plaintiff's ability to work effectively in an in-person environment."

37. On May 2, 2025, Ms. Russell informed Plaintiff that Dr. Omobhude's documentation did not address required questions about functional limitations, how limitations affected job performance, and what specific job tasks were problematic.

38. Ms. Russell provided Plaintiff with a medical form and position description and gave Plaintiff fifteen (15) days to return the completed form.

39. Plaintiff submitted the medical forms from both physicians within the required time, on May 7, 2025, and May 14, 2025, respectively.

40. On May 21, 2025, Plaintiff's attorney, Ursula Willis, Esq., sent a letter to Ms. Russell requesting a status update and asserting the Agency's failure to issue a final decision within the required timeframe constituted a constructive denial.

41. On June 4, 2025, Plaintiff's supervisor, Victor Aldridge, sent an email to Plaintiff and Labor Relations requesting an immediate update on Plaintiff's reasonable accommodation request.

42. Mr. Aldridge noted that more than ninety (90) days had elapsed since Plaintiff's submission on January 27, 2025, that he had confirmed that Plaintiff could perform her duties remotely, and that the Agency's reasonable accommodation policy required decisions within thirty (30) days, absent extenuating circumstances.

43. On May 22, 2025, Plaintiff filed an informal EEO complaint with the Agency's Equal Employment Opportunity Office and elected ADR.

44. On July 7, 2025, ninety-eight (98) days after Plaintiff's reconsideration request and 162 days after her initial request, the Agency issued a temporary accommodation of five days of telework per week pending a final decision being issued.

45. On August 21, 2025, Plaintiff filed a formal EEO complaint alleging discrimination based on disability and failure to accommodate when management officials failed to provide her with a reasonable accommodation or engage in the interactive process.

46. In response to Plaintiff's request for a Final Agency Decision, CSOSA issued a Final Agency Decision finding no violation of the Rehabilitation Act.

**COUNT I-VIOLATION OF SECTION 501 OF THE REHABILITATION ACT**

**(FAILURE TO PROVIDE A REASONABLE ACCOMMODATION)**

47. Plaintiff incorporates the preceding paragraphs as if set fully herein.

48. Section 501 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 791, requires federal agencies to provide a reasonable accommodation to qualified employees with disabilities unless doing so would cause an undue hardship.

49. Plaintiff is an individual with a disability within the meaning of the Rehabilitation Act, as she has physical and mental impairments that substantially limit major life activities.

50. Plaintiff is a qualified individual with a disability as she can perform the essential functions of her IT Specialist position as evidenced by her twenty years of service and Outstanding performance ratings.

51. CSOSA had notice of Plaintiff's disability beginning January 27, 2025, when she submitted her reasonable accommodation request with supporting medical documentation.

52. Plaintiff initially requested reasonable accommodation in the form of telework three days per week and a closed office space when working onsite. Plaintiff's request later increased to maximal telework based on exacerbation of her medical conditions and updated medical recommendations.

53. The requested accommodations were reasonable, as they would have enabled Plaintiff to perform the essential functions of her position while addressing her functional limitations.

54. Telework was operationally feasible for Plaintiff's position as confirmed by her supervisor and demonstrated by the Agency's eventual provision of temporary telework that began on July 7, 2025.

55. CSOSA failed to provide Plaintiff with reasonable accommodation by:

   a. Failing to respond to Plaintiff's telework request within the thirty (30) business days required by Agency policy;

   b. Issuing a partial decision on March 31, 2025, that addressed only a privacy screen and did not address telework;

   c. Failing to provide a final decision on Plaintiff's reconsideration request within the fifteen (15) business days required by Agency policy;

   d. Providing only generic "under review" responses;

   e. Requiring Plaintiff to submit multiple rounds of medical documentation without clearly articulating deficiencies;

f. Failing to provide interim accommodations until July 7, 2025, 162 days after the initial request and only after Plaintiff filed an EEO complaint and engaged in alternative dispute resolution.

56. CSOSA's unreasonable delay in processing and issuing a decision on Plaintiff's accommodation request constituted a constructive denial of reasonable accommodation.

57. CSOSA has not articulated any undue hardship that would result from granting Plaintiff's requested accommodation.

58. CSOSA's provision of temporary telework beginning July 7, 2025, demonstrates that telework is feasible and does not impose an undue hardship.

59. As a direct and proximate result of CSOSA's failure to provide reasonable accommodation, Plaintiff has suffered and continues to suffer exacerbation of her chronic medical conditions, physical pain and mental distress from being required to work onsite without accommodation from March 25, 2025, through July 7, 2025; emotional distress; economic losses, and other damages to be proven at trial.

**COUNT II-VIOLATION OF SECTION 501 OF THE REHABILITATION ACT**

**(FAILURE TO ENGAGE IN INTERACTIVE PROCESS)**

60. Plaintiff alleges and incorporates the preceding paragraphs as set forth herein.

61. Federal agencies are required to engage in good-faith interactive process with employees requesting reasonable accommodation. 29 U.S.C. § 791.

62. CSOSA failed to engage in a good-faith interactive process when they: provided only generic "under review" responses to her requests for a status update, without substantive engagement; failed to timely identify deficiencies in medical documentation; requested additional medical documentation and waited until July 7, 2025 to provide temporary

accommodations; failed to provide written explanations for decisions or non-decisions; and failed to consider alternative accommodations or engage Plaintiff in meaningful dialogue about her needs.

63. As a direct and proximate result of CSOSA's failure to engage in good-faith interactive process, Plaintiff has suffered damages described in paragraph 59.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant, and grant the following relief:

A. A declaratory judgment that Defendant violated Section 501 of the Rehabilitation Act of 1973, 29 U.S.C. § 791;

B. An order requiring Defendant to provide Plaintiff with permanent reasonable accommodations;

C. Compensatory damages for Plaintiff's economic losses, including non-reimbursable medical expenses, lost wages, and loss of leave, in an amount to be determined at trial;

D. Compensatory damages for Plaintiff's non-economic losses, including pain and suffering, emotional distress, mental anguish, and loss of dignity, in an amount to be determined at trial;

E. Pre-judgment and post-judgment interest as provided by law;

F. Reasonable attorney's fees and costs; and

G. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, and pursuant to the local rules of this Court, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

__/s/ Alisa Reff___________________________
Alisa Reff, Bar No. 423113
Attorney for Plaintiff
Thoughtful Outcomes, LLC
9320 Fresno Road
Bethesda, MD 20814
301-675-0637 (Direct)
lisareff@thoughtfuloutcomesllc.com

__/s/ Ursula D. Willies_______________________
Ursula D. Wills
Pending Admission on 9-2-2026
Attorney for Plaintiff
Unique Solutions Law Firm, PLLC
22211 I-10, Suite 1206
San Antonio, TX 78257
210-985-4833 (Direct)
210-951-0622 (Fax)
ursulawillis@uniquesolutionslawfirm.com